IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| 68V BTR HOLDINGS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION 22-0430-WS-B |
| CITY OF FAIRHOPE, et al., | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on the plaintiff's "amended second motion for leave to amend [the] complaint," (Doc. 77), which the Court construes as a motion for leave to file a second amended complaint.[1]  The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 77, 78, 80, 85), and the motion is ripe for resolution.  After careful consideration, the Court concludes the motion is due to be granted in part and denied in part.

# BACKGROUND

Familiarity with the pleadings, and with other motions and orders, is assumed. According to the first amended complaint, (Doc. 38), the plaintiff is the owner of two parcels of property.  The named defendants under the first amended complaint are the City of Fairhope ("the City"); the City of Fairhope Planning Commission ("the Commission"); and eight members of the Commission.  The plaintiff sought approval from the Commission for development of its properties for multi-occupancy housing ("the Projects"), but the Commission denied the plaintiff's applications.

---

[1] The Court previously denied the plaintiff's "second motion for leave to amend complaint," (Doc. 74), as moot, in light of the plaintiff's filing of the instant motion.  (Doc. 79).

The first amended complaint asserts, *inter alia*, a claim against the eight commissioners for civil conspiracy.  (Doc. 38 at 31-32).  On motion to dismiss, the Court dismissed this count as to six commissioners, leaving only Art Dyas and Rebecca Bryant as defendants under that claim.  (Doc. 70 at 21).

The proposed second amended complaint would add allegations that Dyas, Bryant, and a third commissioner (Clarise Hall-Black) communicated with, and conspired with, named and unnamed outsiders for the purpose of preventing approval of the Projects, and that they enlisted other commissioners to join the conspiracy, with the named commissioners acting on behalf of the Commission.  The proposed amended complaint also would add both Hall-Black and the Commission as defendants under the civil conspiracy count ("Count V").  (Doc. 77-7 at 16-21, 35-36).

The deadline for moving for leave to amend the pleadings expired on July 31, 2023.  (Doc. 51 at 3).[2]  The instant motion was filed on October 25, and its superseded predecessor on October 19.  As the parties recognize, the plaintiff thus must satisfy not only Rule 15(a)(2) but also Rule 16(b)(4).

## DISCUSSION

"A schedule [established under Rule 16(b)] may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule could not be met despite the diligence of the party seeking the extension."  *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1418 (11th Cir. 1998) (internal quotes omitted).  "If a party was not diligent, the good cause inquiry should end."  *MidAmerica C2L Inc. v. Siemens Energy Inc*., 25 F.4th 1312, 1335 (11th Cir. 2022) (internal quotes omitted).  The ultimate burden of establishing good cause rests on the movant, *Longmire v. City of Mobile*, 2017 WL 63022 at *1 (S.D. Ala. 2017), but "the Court's scrutiny of good cause depends on the arguments the non-movant chooses to raise."  *Parker v. Exterior Restorations, Inc*., 2022 WL 15607104 at *2 (S.D. Ala. 2022).

---

[2] Unless otherwise noted, all dates are 2023.

The defendants do not contest the plaintiff's ability to satisfy Rule 15(a)(2), and their only argument regarding Rule 16(b)(4) is confined to diligence. The Court tailors its inquiry accordingly.

On May 11, the plaintiff propounded requests for production to the entity defendants. (Doc. 77-1). These included requests for emails and text messages of the commissioners as well as Commission staff. (*Id*. at 8-10). The defendants produced documents responsive to these requests on at least five occasions: June 26; August 11; August 25; September 7; and September 27. (Doc. 80 at 5-6).[3] The defendants' key argument rests on this Court's observation that "[t]he Eleventh Circuit has indicated that a delay of over a month in seeking amendment after learning the information on which the amendment rests is inconsistent with diligence and thus with good cause." *Parker*, 2022 WL 15607104 at *4 n.11 (describing *Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1242 (11th Cir. 2009)). The defendants conclude that only amendments based on information newly learned from the September 27 production are timely sought. (Doc. 80 at 2, 8).

With this in mind, the defendants do not oppose the plaintiff's motion to the extent it seeks to rename Hall-Black as a defendant under the civil conspiracy count and to the extent it seeks to add factual allegations related to text messages from Hall-Black's phone produced on September 27. (Doc. 80 at 2). The Court has reviewed the parties' exhibits and concludes that all of the new allegations regarding Hall-Black proceed from the September 27 production.[4]

---

[3] The parties take extended swipes at each other's conduct during discovery, going so far as to question the good faith of the other side. None of this is either becoming or relevant to the instant dispute. If the parties feel they have been wronged, their recourse is a discovery motion directed to the Magistrate Judge.

[4] (Doc. 77-4 at 10-12, 18, 21, 25). The defendants point to a few text messages from Hall-Black's cell phone that they produced on June 26 and August 25, (Doc. 80 at 5), but these are not the basis of the proposed new allegations. (Doc. 80-3 at 18; Doc. 80-5 at 4-9).

The defendants oppose the addition of the Commission as a defendant under Count V, on the cursorily stated grounds that the Commission has been a defendant to the lawsuit since its inception and that nothing in the defendants' recent document production would either support such a claim or demonstrate the plaintiff's diligence in moving to amend. (Doc. 80 at 9). The plaintiff responds that Hall-Black's text messages, produced on September 27, suggest that she was not working alone in her dealings with outsiders but with and on behalf of the Commission as a whole. (Doc. 85 at 2, 7). An amended complaint may of course add allegations and claims against an existing defendant, and the defendants identify no information the plaintiff possessed before September 27 that would have placed on it an obligation to move earlier to name the Commission as a defendant under the civil conspiracy count. Nor have the defendants addressed the material on which the plaintiff relies, much less shown that it does not constitute new information supporting the new allegations regarding the Commission.[5]

The proposed second amended complaint adds allegations regarding specific improper contacts between Dyas and/or Bryant on the one hand, and named and unnamed outsiders on the other. The defendants object that the text messages revealing these contacts were produced on August 25, almost two months before the plaintiff moved for leave to amend. (Doc. 80 at 7).

The proposed second amended complaint alleges that, in 2021 and 2022, Dyas communicated and met with outsiders and actively participated in plans to prevent approval of the Projects. (Doc. 77-7 at 16-17). These communications and meetings are identified as a November 2021 meeting with Gena Todia; January and February 2022 communications with Todia; and a January 2022 meeting with Todia, Mark Ryan, and others unknown. (*Id*. at 17-18). The proposed pleading also alleges that Bryant met with Todia and others unknown in January 2022. (*Id*. at 18). All these communications and

---

[5] As the Court has already reminded the parties, "a passing reference to an issue in a brief is insufficient to properly raise that issue." (Doc. 19 at 7 (internal quotes omitted)). An *ipse dixit*, which is all the defendants offer, imposes no burden on the plaintiff to respond or on the Court to investigate.

meetings are reflected in the text messages produced to the plaintiff on August 25. (Doc. 80-5 at 12, 14, 15, 16, 20).

There is no doubt that these contacts implicate outside conspirators in addition to those identified in the first amended complaint. (Doc. 38 at 31-32). The plaintiff itself describes the text messages as "clear and unambiguous" and as "strongly suggest[ing]" that these commissioners conspired with outsiders. (Doc. 85 at 5). As of August 25, the plaintiff was opposing the defendants' motion to dismiss, which argued in part that the civil conspiracy claim did not adequately allege that the commissioners conspired with outsiders to the Commission, which would be fatal under the intra-corporate conspiracy doctrine. (Doc. 47 at 15-18; Doc. 54 at 9-12).[6] The plaintiff thus had both the ability and the incentive to seek amendment promptly after August 25 to add allegations regarding the contacts identified in the preceding paragraph, for the purpose of bolstering the first amended complaint's allegation that the conspiracy included outsiders. The defendants assume that the plaintiff's failure to do so precludes its ability to add these allegations in October.

New allegations "concerning facts that were known to the plaintiffs previously but that were not relevant to the plaintiffs' claims until information learned in the depositions made them so … are proper, because plaintiffs are not required to plead irrelevant facts simply because they are known." *Parker*, 2022 WL 15607104 at *5. In a variation on this theme, the plaintiff argues that, upon the September 27 production of Hall-Black's text messages indicating involvement of the entire Commission in the conspiracy, evidence of Dyas's and Bryant's improper contacts became significant additional evidence of the Commission's involvement. (Doc. 85 at 2-3, 5-6). That is, the evidence regarding Dyas's and Bryant's improper contacts first became relevant to a conspiracy claim against the Commission with the September 27 production. The defendants have identified no authority for the dubious proposition that information relevant to one aspect

---

[6] The Court ultimately rejected this argument in its October 4 ruling. (Doc. 70 at 15-16).

5

of a complaint must be immediately pleaded, even if unnecessary to sustain that aspect,[7] and cannot later be pleaded when subsequently discovered material first renders the same information relevant to a different, or new, aspect of the case.

Count V of the proposed second amended complaint alleges that Dyas, Bryant, and/or Hall-Black persuaded other members of the Commission to join a conspiracy to wrongfully defeat approval of the plaintiff's applications and that they acted on behalf of the Commission in entering a conspiracy between the Commission and the outsiders referenced elsewhere. (Doc. 77-7 at 36). The defendants, without addressing the content of the September 27 production, deny that those documents contain new information supporting these allegations. (Doc. 80 at 8-9). The plaintiff responds that the documents indicate that, before the Commission met to consider the plaintiff's applications, Hall-Black communicated with the entire Commission and ascertained that the applications would be denied regardless, suggesting a conspiracy involving the entire Commission, including Dyas and Bryant and extending to the outsiders. (Doc. 85 at 7). Because the defendants have not addressed this material, the plaintiff's construction stands uncontested for present purposes.

Count V alleges that Dyas, Bryant, and Hall-Black were acting for their personal interest in engaging in the conspirator actions described in the pleading. (Doc. 77-7 at 36). The defendants again object that this is not information gleaned from the September 27 production. (Doc. 80 at 8). It does not have to be. Because the proposed pleading permissibly alleges for the first time certain actions as addressed above, it permissibly alleges for the first time the actors' purpose regarding those actions.[8]

---

[7] Had the Court dismissed the civil conspiracy count as to Dyas and Bryant for failure to allege adequately that they conspired with outsiders, the plaintiffs could not, over objection, have resurrected the claim with material from the August 25 production, because that material was relevant to that aspect of the conspiracy claim before the Court's ruling.

[8] The same observation disposes of the defendants' objection to new footnotes 1 and 2. (Doc. 80 at 7).

The Court agrees with the defendants that one new allegation is not based on information from the September 27 document production. The first amended complaint alleges that the commissioners conspired with, *inter alia*, the City. (Doc. 38 at 32). The proposed second amended complaint amplifies that allegation to read, "the City of Fairhope, including upon information and belief, through Sherry Sullivan." (Doc. 77-7 at 35). Nothing in the defendants' September 27 document production remotely implicates Mayor Sullivan or renders this allegation relevant for the first time.

Although the defendants focus on Rule 16(b)(4) and its requirement of diligence, they also offer a hodgepodge of miscellaneous objections, which the Court addresses below.

First, the defendants argue that several new allegations found in the current version of the proposed second amended complaint, submitted on October 25, must be disallowed because they were not included in the first version of the proposed pleading, submitted on October 19. (Doc. 80 at 7). The defendants do not explain, and the Court cannot discern, how this could be grounds for disallowance.

Second, the defendants complain that the proposed second amended complaint improperly seeks to resurrect the civil conspiracy claim as to the six dismissed commissioners. (Doc. 80 at 9). The pleading does not do so. While the body and style of Count V continue to pursue relief from "Commission Members," the term is defined to include only Dyas, Bryant, and Hall-Black. (Doc. 77-7 at 35). The plaintiff agrees that Count V extends only to those three individuals and the Commission as an entity. (Doc. 85 at 6).[9]

Third, the defendants object to the proposed pleading's language that various commissioners conspired "between and among themselves," (Doc. 77-7 at 35, 36), on the grounds that the intra-corporate conspiracy doctrine means that commissioners cannot

---

[9] In a related vein, the defendants object that the instant proposed second amended complaint improperly differs from the first iteration of the proposed pleading by "add[ing] the other Commissioners back to the style of the case." (Doc. 80 at 7). This is hardly improper; following the Court's ruling on the defendant' motion to dismiss, all eight commissioners remain defendants under Count IV. (Doc. 70 at 1-2, 12, 21).

7

actionably conspire with themselves or with the Commission of which they are a part. (Doc. 80 at 10). The challenged sentences, however, expressly allege that the conspiracy extended beyond the Commission and various commissioners to include named and unnamed outsiders, which is enough to avoid application of the doctrine. (Doc. 70 at 15-16).

Finally, the defendants seek elimination of a sentence, (Doc. 77-7 at 19), that they deem improper commentary on the preceding factual allegation that Hall-Black encouraged outsiders to drive on a road near one of the plaintiff's properties while it was the subject of a traffic study. The defendants find the sentence to be "argumentative, superfluous, [and] conclusory" rather than a "short and plain factual allegation." (Doc. 80 at 2 n.1). The Court construes the statement as permissible explanation of the significance of what would otherwise present as a rather innocuous if not irrelevant factual statement.

## CONCLUSION

For the reasons set forth above, the plaintiff's amended motion for leave to file a second amended complaint is **denied** to the extent the plaintiff seeks to add the phrase, "including, upon information and belief, through Sherry Sullivan" to paragraph 172, and is in all other respects **granted**. The plaintiff is **ordered** to file and serve its second amended complaint, with the foregoing redaction and otherwise identical to the proposed pleading presented to the Court, (Doc. 77-7), on or before **November 20, 2023**.

DONE and ORDERED this 13th day of November, 2023.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE